UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY A. ADDIE, | ) | Case No. 1:24-cv-01374 |
| Plaintiff, | ) ) ) | Judge J. Philip Calabrese |
| v. | ) ) | Magistrate Judge James E. Grimes, Jr. |
| UNITED STATES OF AMERICA | ) ) | |
| *and* | ) ) | |
| DEBRA TILLMAN, | ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

On August 12, 2024, Plaintiff filed a complaint against the United States of America and Debra Tillman. (ECF No. 1.) Plaintiff has not served Ms. Tillman with process. On November 13, 2024, the Court ordered Plaintiff to serve Ms. Tillman or show cause why his claims against her should not be dismissed without prejudice. (ECF No. 9.)

On December 4, 2024, Plaintiff responded to the Court's Order. (ECF No. 10.) Plaintiff explained that he had sent both Defendants a waiver of service form, along with the complaint and summons, on August 12, 2024. Although Ms. Tillman contacted Plaintiff's counsel regarding the mailing, she did not return the form or otherwise respond. On October 14, 2024, Plaintiff sent the complaint and summons by certified mail to the address noted as Ms. Tillman's on the police report. On October 20, 2024, the U.S. Postal Service returned this mailing to Plaintiff because

the house at the address was vacant, and its occupant left no forwarding address. Unable to locate an alternative address for Ms. Tillman, Plaintiff's counsel drove by the address and confirmed that it was vacant. On November 27, 2024, Plaintiff's counsel called Ms. Tillman, who refused to provide her current address.

On this record, the Court agrees with Plaintiff that he has not successfully served Ms. Tillman with process. Because Plaintiff is suing Ms. Tillman in her individual capacity, he must serve her through one of the methods specified in Rule 4(e). *See* Fed. R. Civ. P. 4(i)(3). Rule 4(e)(2) prescribes specific valid methods for service of process, and Rule 4(e)(1) allows service according to State law. Plaintiff did not successfully complete any of the methods permitted under Rule 4(e)(2). Nor did he satisfy Rule 4.1 of the Ohio Rules of Civil Procedure.

If a defendant is not served within 90 days after the complaint is filed, the Court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). But if the plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period. *Id.*

Apart from Ms. Tillman's lack of cooperation in facilitating service of process, Plaintiff does not describe any unusual hardship warranting an exemption from the usual rule. But Ms. Tillman's unwillingness to offer up her location does not constitute good cause for failure to serve—particularly where, as here, Plaintiff has some knowledge of where she is employed. Having previously notified Plaintiff that an inadequate showing of good cause would result in dismissal, the Court

2

**DISMISSES** Plaintiff's suit against Ms. Tillman under Rule 4(m) **WITHOUT PREJUDICE**.

    **SO ORDERED.**

Dated: December 9, 2024

                                      J. Philip Calabrese
                                      United States District Judge
                                      Northern District of Ohio